CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 23 2010
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARION LEA BEA, | ) | Civil Action No. 7:10-cv-00229 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN BRYAN B. WATSON, | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |

Plaintiff Marion Leon Bea, a Virginia inmate proceeding pro se, filed an omnibus civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as the sole defendant Warden Bryan Watson. Plaintiff alleges that he is being unlawfully held in segregation for too long and that he is being served "food that wouldn't be enough to eat." Despite plaintiff's documented requests to stay out of general population and stay segregated, plaintiff argues that the warden does nothing to assist him from being released from segregation. Upon reviewing the record, the court concludes that complaint must be dismissed without prejudice because plaintiff does not qualify to proceed without prepayment of the fee.

Plaintiff applied to proceed without prepayment of the $350.00 filing fee. Section 1915(b) requires the court to assess against an indigent inmate the $350.00 filing fee for a civil action. An inmate who is permitted to proceed in forma pauperis may pay this fee through installments withheld from his inmate account. However, § 1915(g) denies the installment payment method to those inmates who had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim. An inmate-litigant with "three strikes" may nevertheless qualify to proceed under the installment payment plan if he "is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The United States District Court for the Eastern District of Virginia held that Bea previously filed at least three civil actions or appeals that were then dismissed as frivolous, malicious, or for failure to state a claim; thus, the Eastern District Court has denied Bea the opportunity to file any further civil actions without prepayment or alleging imminent physical harm, pursuant to § 1915(g). See Bea v. Kendrick, 1:10-cv-00312 (E.D. Va. Apr. 12, 2010) (recognizing that Bea had three previous dismissals that qualified him as a "three-striker" under 28 U.S.C. § 1915(g)). Based on the District Court's findings, the court must deny Bea's request to proceed without prepayment of the filing fee unless he satisfies the "imminent physical injury" requirement of § 1915(g).

Bea's allegations in his complaint do not excuse him from paying the filing fee in-full. He alleges that he has been in segregated confinement since September 2007 and that an officer acts unprofessionally toward him and tampers with his food. Bea generally alleges that he is scared of staff and feels in danger at WARSP. Plaintiff further complains that non-defendants have negligently prepared and served his Common Fare Diet. Although he alleges that he fears for his life, Bea fails to allege any specific facts on which he bases these fears other than the fact that WARSP is a maximum security prison and that a guard allegedly said he wanted to hit him. Bea's conclusory allegations are not sufficient to demonstrate that he is in imminent danger of physical harm under § 1915(g) so as to allow him to proceed without prepayment of the filing fee. Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g)). An inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. The serious physical injury

must also be imminent at the time of filing the complaint and not based on some distant event. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Based on the date of Bea's filings, Bea's allegations do not describe any "serious" or "imminent" injury. Also, Bea also can not evade the filing fee requirements by alleging imminent danger of an injury supposedly caused by people not related to the litigation or the defendant. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977) (stating respondeat superior is not applicable to § 1983 actions).

Bea clearly knew from previous orders and opinions issued to him in his previous cases that he no longer automatically qualified to proceed in forma pauperis. Therefore, the court dismisses the complaint because Bea fails to satisfy the harm exception to § 1915(g) and failed to pay the filing fee in full at the time of filing the complaint. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 23rd day of August, 2010.

/s/ James C. Turk
Senior United States District Judge